MARIE-ANN GREENBERG, (MAG-1284)
MARIE-ANN GREENBERG, STANDING TRUSTEE
30 TWO BRIDGES ROAD, SUITE 330
FAIRFIELD, NJ 07004
(973) 227-2840
Chapter 13 Standing Trustee

**Debtor is:**
☐ **Entitled to Discharge**
☐ **Not Entitled to Discharge**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

In re:                           :     Case No.: 09-20192 (DHS)
                                 :
Stephen Bonsick,                 :
                                 :
Debtor(s)                        :     Hearing Date: June 24, 2009 at 9:00 a.m.
                                 :
                                 :
                                 :
                                 :

# TRUSTEE'S OBJECTIONS TO CONFIRMATION

Marie-Ann Greenberg, the Chapter 13 Standing Trustee by way of objection to the Debtor's proposed plan respectfully objects as follows:

☐   1.   The unsecured debts of the Debtor exceed $336,900.00 rendering Debtor ineligible to be a Debtor under Chapter 13 pursuant to 11 U.S.C. Section 109(e).

☐   2.   The secured debts of the Debtor exceed $1,010,650.00, rendering Debtor ineligible to be a Debtor under Chapter 13 pursuant to 11 U.S.C. Section 109(e).

☐   3.   Debtor has failed to list all assets or income in violation of 11 U.S.C. Sections 521(a)(1)(B)(i) and 521(a)(1)(B)(ii). Specifically,         .

☐   4.   The Debtor has failed to provide, or has provided a deficient valuation of the Debtor's property to the Standing Trustee, and is not cooperating with the Trustee in violation of 11 U.S.C. Section 521(a)(3). Specifically,         .

☐   5.   The plan does not provide for equal treatment of claims within a particular class, in violation of 11 U.S.C. Section 1322(a)(3).

☐ 6. The circumstances and contents of the Debtor's plan, when taken in their totality, indicate that the plan is not proposed in good faith in violation of 11 U.S.C. Section 1325(a)(3). Specifically,         .

☐ 7. The plan provides for payment on unsecured claims of less than that which would be distributed upon liquidation under Chapter 7, as prohibited by 11 U.S.C Section 1325(a)(4).

☐ 8. The plan does not appear to be feasible pursuant to 11 U.S.C. Section 1325(a)(6), as the debtor will be unable to make payments under the plan and to comply with the plan.

☐ 9. The action of the Debtor in filing the Petition was not made in good faith in violation of 11 U.S.C. Section 1325(a)(7). Specifically,         .

☐ 10. The Debtor is delinquent on pre-petition Domestic Support Obligations in violation of 11 U.S.C. Section 1325(a)(8).

☐ 11. The Debtor has failed to file all applicable Federal, State and local tax returns as required by 11 U.S.C. Section 1308, in violation of 11 U.S.C. Section 1325(a)(9).

☒ 12. The Debtor's Projected Disposable Income has not been pledged for the entire Applicable Commitment Period in violation of 11 U.S.C. Section 1325(b)(1)(B).

☐ 13. The Debtor's Schedule "J" includes expenses not reasonably necessary for the support of the Debtor or his dependents. Specifically,         .

☐ 14. The Plan as proposed fails to meet the minimum Applicable Commitment Period as defined in 11 U.S.C. Section 1325(b)(4) and fails to provide for payment in full of all allowed unsecured claims over a shorter period.

☐ 15. The Debtor has failed to make all pre-confirmation required payments to the Standing Trustee pursuant to 11 U.S.C. Section 1326.

☐ 16. The Debtor failed to file all of the information required under 11 U.S.C. Section 521(a)(1) within 45 days after the date of filing of the petition and the case was automatically dismissed effective on the 46th day after the date of the filing of the petition, however no Order has been entered to that effect.

☐ 17. The number of dependents listed on Schedule "I" does not match the number of dependents claimed by the Debtor on his most recently filed Federal Tax Return and Debtor was not able to adequately explain this discrepancy.

☐ 18. Debtor has failed to provide proof of business liability insurance and workers compensation insurance.

☐ 19. Debtor has failed to provide proof of current income.

☐ 20. The Chapter 13 Trustee hereby objects to the exemptions in the above-captioned case pursuant to Bankruptcy Rule 4003. The Trustee further objects to all exemptions claimed now or at any time before confirmation in any amount in excess of the maximum dollar amounts allowed by the statute, or which does not clearly state the statutory basis for the exemption, the dollar amount claimed as exempt, or the specific property being exempted. The Trustee requests that any hearing on this objection be scheduled for the date of confirmation.

☐ 21. The Trustee objects to the estimated attorney fees being paid to Debtor's counsel as proposed in the Chapter 13 Plan. It is impossible to determine whether the estimated fees will impact the feasibility of the plan or the proposed distribution to creditors. In addition, the Trustee objects to any fees sought in excess of $3,500.00 unless an appropriate application is filed and served upon the Trustee at least 7 days prior to the Confirmation Hearing pursuant to Local Bankruptcy Rule 2016(j)(1).

☒ 22. Other: B22C - Line 28 - Debtor does not own a car.

WHEREFORE, Marie-Ann Greenberg, the Chapter 13 Standing Trustee prays that confirmation of the Debtor's Chapter 13 plan in its present form be denied.

Dated: June 3, 2009                    By:    /s/ Marie-Ann Greenberg
                                              Marie-Ann Greenberg, Esq.
                                              Chapter 13 Standing Trustee

cc:    Lawrence R. Pinck
       Attorney for the Debtor